Scott, J.
The act “ to regulate the taxation and collection of costs,” provides: “ That on the rendition of judgment in any ease, the costs of the party recovering only, together with his debt or *48 damages, shall be carried into his judgment; and the costs of the party against whom judgment shall be rendered, shall be stated in a separate clause of the record or docket entry, The clerk or justice of the peace issuing execution for such judgment, as aforesaid, shall indorse thereon the amount of the costs of the party condemned; which costs shall be collected by the officer to whom such writ may be directed in the same manner and at the same time in which the judgment mentioned in the execution shall be collected.” S. & C. Stat. 643, 644.
The 423d section of the code of civil procedure prescribes that “the- exact amount of debt, damages, and costs, for which the judgment is entered, shall be indorsed on the execution.” S. & C. Stat. 1068.
It appears in this ease, that the only judgment which the plaintiff had ever recovered against the execution debtor, in the Superior Court of Montgomery county, was rendered for the sum of $725.74 and her costs therein, which were taxed at $59.50; the costs of Paulus in the case being taxed at $32.16; and that the costs subsequently accruing before the issuing of execution amounted to $3.93. Now, in this case, the plaintiff’s jndgment is described in her motion for amercement as having been rendered “for the sum of $725.74 debt, and $95.59 costs, which includes $4.89 costs since accrued.” The body of the execution represents that the judgment upon which it was issued, was recovered for the sum of $725.74 debt, and “ $90.70 her costs and charges in that behalf expended.” The plaintiff had, in fact; never recovered such a judgment against Paulus. Her judgment, including her own costs, was only for the sum of $785.24, while she caused Execution to be issued upon a judgment represented to be for the sum of $816.44, including her costs.
The plaintiff’s right to demand a judgment of amercement, in this case, can rest on no equitable ground; for the neglect of official duty, of which she complains, has done her no injury. The execution debtor was wholly insolvent when judgment was recovered against him, and has continued to be so ever since. Her rights then are purely statutory. And, if she makes a clear case for amercement under the statute, it is no defense against her claim that she has not been damnified. The statute under which she proceeds is of a penal character; it affords a summary remedy, without trial by jury, for official delinquency; and without regard to the amount *49 of damages resulting, in fact, from such delinquency, it loaves no-discretion to the court, as to the amount of the judgment to bo rendered against the delinquent officer. In the language of the statute, “ ho shall be amerced in the amount of said debt, damages, and costs, with ten per cent, thereon, to and for the use of said plaintiff or defendant.” S. & C. Stat. 1084, 1085. Such being the character of the statute, it has been repeatedly, and, as we think, properly held, that he who would avail himself of the remedy by amercement, must bring himself within both the letter and spirit of the law. Duncan v. Drakely, 10 Ohio, 47; Bank of Gallipolis v. Domigan, 12 Ohio, 220; Webb v. Anspach et al, 3 Ohio St. 522; Conklin v. Parker, 10 Ohio St. 28; Langdon v. Summers, 10 Ohio St. 79. Now, the sheriff must have boon amerced, in this case, if at all, in the amount of the debt, interest, and costs, as shown by the execution, with ten per cent, penalty thereon. He would then, upon payment of such judgment, be subrogated to the rights of the judgment creditor, and be entitled to take out execution for his own benefit, on the original judgment, against the debtor. But suppose the-plaintiff here had no judgment whatever against Paulus, and had procured an execution to bo issued without color of l’ight, must the sheriff still be amerced without any right of subrogation? Or if, having a judgment, she wrongfully procures an execution for an amount substantially greater than her judgment, does she thereby ^acquire a right to amerce the sheriff in a sum greater than her judgment with its interest, and the penalty thereon, leaving the sheriff remediless as to the wrongful excess? We think she does-not. The- execution in this case required the sheriff to make, from the property of Paulus, a sum for which the plaintiff had never recovered judgment; it included the costs of Paulus, in the collection of which she had no interest, and for which she had no judgment, nor any right to judgment. It is true, the costs of Paulus should-have boon indorsed on the execution and collected by the sheriff;, but not for the plaintiff’s benefit. They should have formed no-part of her writ of execution.
Though the writ, being regular on its face, might have justified the sheriff in executing it, yet the plaintiff wrongfully procured it to ,bo issued; and on the motion of Paulus it might therefore have-been set aside.
Wo are of opinion, without determining other questions made in the case, that a motion to amerce an officer, for failing to return an *50 •execution at the proper time, can be sustained only when the exe•cution has been rightfully issued, upon a judgment substantially ■such as is recited in the body of it; and that there is no error in •the judgment of the court below.

Judgment affirmed.

Brinkerhoee, O. J., and Day, White, and Welch, JJ., concurred.